UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

MARCO PENALOZA,

                      Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
16-CR-233 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On December 4, 2017, Marco Penaloza ("Defendant") pled guilty to Count One of an Indictment. Count One charges Defendant with receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 120 months of incarceration, 5 years of supervised release, restitution in the amount of $54,000.00 plus interest, forfeiture as set forth in the Plea Agreement and the Order of Forfeiture, and payment of a $100.00 special assessment.

## BACKGROUND

On May 2, 2016, the United States filed an Indictment charging Defendant with one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Indictment, ECF No. 6. On December 4, 2017, Defendant pled guilty to Count One of the Indictment. Plea Agreement, ECF No. 24.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

**I.      Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing a sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines

1

range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal quotation marks and citation omitted). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant, now 32 years old, was born on September 6, 1986 in Cuenca, Ecuador, and he relocated to the United States with his family in 1992. Presentence Investigation Report ("PSR") ¶¶ 40-41, ECF No. 26. Defendant is one of three children born to the marital union of Fausto Penaloza and Resurreccion Maria (née) Sumba. *Id.* ¶ 40. Defendant's father died in 2008 at age 47, from a heart attack. *Id.* Defendant's mother, age 60, is healthy and is employed as a cleaning manager at John F. Kennedy Airport in Queens, New York. *Id.*

Records from the U.S. Immigration and Customs Enforcement reflect Defendant entered the United States on July 18, 1992. *Id.* ¶ 45. Records further reflect Defendant is a United States citizen, and Defendant advised he was naturalized in approximately 2001. *Id.* Defendant has

2

only resided in Queens since relocating to the United States, and he has lived at the address of record with his mother since approximately 2000. *Id.*

Defendant was raised under modest economic circumstances, and although his parents were able to provide the family basic necessities, they financially struggled to do so. *Id.* ¶ 41. Defendant advised he has always shared a close relationship with his family. *Id.* ¶¶ 41-43, 47. As a result of his father's death, Defendant reported he has felt "detached" from relationships. *Id.* ¶ 41. Defendant's mother and two siblings are aware of the instant offense and are very supportive of him. *Id.* ¶¶ 42-43.

According to Defendant, at age five, he was sexually abused by a neighbor in Cuenca; the neighbor was a friend of Defendant's brother and was approximately a teenager at the time of the abuse. *Id.* ¶ 44. On the first occasion, the neighbor took Defendant to a bathroom, and made Defendant touch the neighbor's penis. *Id.* On the second occasion, during a sleepover, the neighbor climbed into Defendant's bed and took Defendant's pants off. *Id.* Defendant was able to get away from the neighbor before any sexual abuse occurred. *Id.* Defendant's family was unaware of the abuse up until several months ago, and Defendant advised both his mother and brother were very upset to learn about these incidents. *Id.*

Defendant has never been married, nor has he fathered any children. *Id.* ¶ 46. At the time of his arrest, Defendant informed Pretrial Services that he had a girlfriend in Texas; however, he reported no current romantic relationships during the presentence interview. *Id.*

In 2006, Defendant received his high school diploma. *Id.* ¶ 59. Defendant is fluent in English and Spanish. *Id.* ¶ 61. Since 2011, Defendant has been employed as a woodworker and administrative manager for Bosque Woodshop Studio in Valley Stream, New York, and he earns $2,400.00 monthly. *Id.* ¶ 62. Defendant's brother is the owner of the business. *Id.* Previously,

Defendant was employed as a ramp agent and supervisor for the United Parcel Service and was self-employed as a graphic designer. *Id.* ¶¶ 63-64.

Defendant reported no history of chronic illnesses or medical conditions, nor is he prescribed any medication. *Id.* ¶ 50. Per his bond conditions, Defendant was mandated to undergo a mental health evaluation and/or treatment specific to the offense charged. *Id.* ¶ 53. Since June 2016, Defendant has been receiving weekly group therapy from his psychologist, Dr. Douglas Martinez, whose office is located in New York, New York. *Id.* Dr. Martinez provided Pretrial Services with the following information regarding Defendant's treatment:

> Regarding [the defendant] he has been present about 90% of the time. He tends to be withdrawn, knowing that he is likely to have a mandatory sentence. He is easily drawn into the group interaction, and he has been very forthcoming. He also regrets the harm that he has done. He denies any urges or behavior regarding repeating the same behavior. [The defendant] has been forthcoming about his past, his family, his life, and his offending behavior. Even in a group format, he has been able to give me significant information about himself. He is preparing himself for sentencing in June.

*Id.* On June 13, 2016, Defendant underwent an intake mental health evaluation with Dr. Richard Krueger, whose office is located in New York, New York; however, this evaluation had not been provided to the Probation Department or Pretrial Services at the time of the PSR. *Id.* ¶ 54.

Defendant advised that from age 12 to approximately 2011, Defendant smoked marijuana, and he smoked almost daily from approximately 2005 to 2011. *Id.* ¶ 55. He ceased using the drug in 2011 because he felt he no longer needed it. *Id.* Defendant reported experimenting with ecstasy on one occasion during his adulthood and reported he had not used other illicit substances. *Id.* Defendant advised that he does not consume alcohol. *Id.* ¶ 56.

Defendant has no prior convictions. *Id.* ¶¶ 33-37. Defendant advised he was arrested twice. *Id.* ¶ 38. In approximately 2005, in Brooklyn, New York, he was arrested for Driving with a Suspended License. *Id.* He was sentenced to a fine (amount unknown) and his license

4

was suspended for one year. *Id.* Defendant further advised that in approximately 2008, he was arrested for "road rage" because he cut off an undercover cop while driving. *Id.* He spent the night in jail and was released the next day without being formally charged. *Id.* Notably, neither arrest appears in Defendant's National Crime Information Center search results. *Id.*

With respect to the instant offense of conviction, on January 15, 2016, an undercover Federal Bureau of Investigation (FBI) agent investigating internet distribution and possession of child pornography found that Defendant's computer was sharing child pornography on a BitTorrent (peer-to-peer) file sharing network. *Id.* ¶ 4. The undercover agent downloaded a number of files which depicted children engaged in sexually explicit conduct. *Id.* Records obtained from Time Warner Cable showed the IP address associated with the computer sharing of these files was associated with an address in Queens, and the account was listed in Defendant's name at the address of record. *Id.* ¶ 7. Investigators further obtained information from Con Edison and public records establishing that Defendant resided at the case address. *Id.*

On April 5, 2016, pursuant to a search warrant, FBI agents executed a search of the Defendant's residence. *Id.* ¶ 8. During the search, after being advised that, at the time, he was free to leave, he had no obligation to speak to law enforcement, and after being informed of his *Miranda* rights, Defendant acknowledged that he understood his rights and agreed to speak to agents. *Id.* Defendant advised agents that he has been downloading child pornography for at least two years. *Id.* ¶ 9. He admitted preferring child pornography depicting the sexual activity of girls ages 9 to 11. *Id.* Defendant advised he viewed child pornography two to three times per week, and he masturbated to the images and videos. *Id.* Defendant reported he had been using a BitTorrent software program to download and share child pornography from January 2016 until April 5, 2016. *Id.*

In the course of the search, agents recovered a laptop, of which Defendant acknowledged he was the sole user. *Id.* Defendant further stated one of his downloads of child pornography was underway as he was speaking with agents. *Id.* Agents unlocked the laptop using the password provided by Defendant and confirmed Defendant was actively downloading child pornography using the BitTorrent program. *Id.* Defendant further stated, by using the BitTorrent program, he knew that he was distributing child pornography to others. *Id.* Defendant advised that he has never touched a child, nor did he have access to any children. *Id.* He was arrested by FBI agents during the search on April 5, 2016. *Id.*

A forensic analysis of the Defendant's computer and portable hard drive was conducted, and the analysis revealed at least 18,540 images of child pornography, and at least 730 videos of child pornography. *Id.* ¶ 10. The majority of child pornography depicted female victims ranging from infants to age 14. *Id.*

**B.     The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

"Child pornography harms and debases the most defenseless of our citizens. Both the State and Federal Governments have sought to suppress it for many years, only to find it proliferating through the new medium of the Internet." *United States v. Williams*, 553 U.S. 285, 307 (2008). For at least two years, Defendant actively participated in such harm and debasement

through his repeated and extensive consumption of child pornography. Defendant possessed a vast amount of child pornography that depicted infants, toddlers, and children being subjected to sexual abuse. Defendant viewed child pornography two to three times per week, and he was downloading child pornography as he was speaking with agents during the search. Further, Defendant was aware that he was actively distributing child pornography via the BitTorrent program. His offense is therefore serious and warrants significant punishment.

The Court also finds there is a substantial need for deterrence, as a violation of the child pornography laws indirectly causes harm to society and, more importantly, directly to the actual victims depicted. These offenses, and offenses like them, contribute to the re-victimization of the most vulnerable members of society: children who have been videoed while being sexually abused by individuals who knew that a market exists for such images. *See, e.g., United States v. Reingold*, 731 F.3d 204, 216 (2d Cir. 2013) ("As Congress, courts, and scholars all recognize, child pornography crimes at their core demand the sexual exploitation and abuse of children. Not only are children seriously harmed—physically, emotionally, and mentally—in the process of producing such pornography, but that harm is then exacerbated by the circulation, often for years after the fact, of a graphic record of the child's exploitation and abuse." *Id.*; *see United States v. Johnson*, 221 F.3d 83, 98 (2d Cir. 2000) ("[D]issemination of child pornography is likely to expand the market for it and thus to cause more harm than mere possession." (citations omitted)); *United States v. Gouse*, 468 F. App'x 75, 78 (2d Cir. 2012) (affirming sentence of 120 months of imprisonment for receipt, distribution, and possession of child pornography where district court had observed that "contrary to [the defendant's] contention, his crimes are not 'victimless' because they 'creat[e] a market' for child pornography and thus harm children, 'scarr[ing] [them] for life'").

### C.     The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to one count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), for which he faces a statutory minimum term of imprisonment of five years and a maximum term of imprisonment of twenty years. 18 U.S.C. § 2252(b)(1). Defendant also faces: a minimum term of supervised release of five years and a maximum term of life, 18 U.S.C. § 3583(k); a maximum fine in the amount of $250,000.00, 18 U.S.C. § 3571(b)(3); restitution as set forth in paragraphs 12 through 16 of Defendant's Plea Agreement, 18 U.S.C. §§ 2259, 3663, and 3663A; and a mandatory $100.00 special assessment, 18 U.S.C. § 3013. Under the Plea Agreement, Defendant also faces criminal forfeiture. Plea Agreement ¶¶ 6-11; Order of Forfeiture, ECF No. 31. Defendant must also comply with sex offender registration pursuant to the Sex Offender Registration and Notification Act, 34 U.S.C. § 20901 *et seq*.

### D.     The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

The applicable Guideline for 18 U.S.C. §§ 2252(a)(2) provides a base offense level of 22. USSG § 2G2.2(a)(2). Since the Defendant knowingly engaged in distribution, two levels are added. *Id.* § 2G2.2(b)(3)(F). Since the material involved photographs of minors under the age of 12, two levels are added. *Id.* § 2G2.2(b)(2). Because Defendant possessed images depicting sadism and masochism, and because a number of images depicted sexual abuse of infants and toddlers, four more levels are added. *Id.* § 2G2.2(b)(4). Two more levels are added because

8

Defendant used a computer to transmit child pornography. *Id.* § 2G2.2(b)(6). Since the offense involved the possession of at least 600 images of child pornography, the offense level is increased by five more levels. *Id.* § 2G2.2(b)(7)(D). With these adjustments, Defendant's adjusted offense level is 37.

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. *Id.* § 3E1.1(a). Because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is decreased by one additional level. *Id.* § 3E1.1(b). Accordingly, Defendant's total offense level is 34. Since Defendant possessed at least two videos that lasted substantially longer than five minutes, Application Note 6(B)(ii) of USSG § 2G2.2(a) provides an upward departure may be warranted for these videos.

Given a total offense level of 34 and a criminal history category of I, the Guidelines suggest a term of imprisonment of 151-188 months. USSG Ch. 5, Part A. All parties agree with this Guidelines calculation. Def. Sentencing Memo at 2, ECF No. 33; Gov't Sentencing Memo at 2, ECF No. 35; PSR ¶ 70. The Guidelines further recommend a term of supervised release of five years to life, USSG § 5D1.2(b)(2) & n.1; a fine in the amount of $35,000.00 to $350,000.00, *id.* § 5E1.2(c)(3); and payment of the costs of prosecution, *id.* § 5E1.5. The Guidelines further suggest that Defendant is ineligible for probation. *Id.* § 5B1.1 n.2.

Probation recommends a sentence of the statutory minimum of five years of imprisonment, which is significantly below the applicable Guidelines range, followed by five years of supervised release with special conditions. Probation Sentencing Recommendation at 1, 5, ECF No. 26-1. Probation notes the statutory minimum in this case requires a significant sentence of five years and states this sentence satisfies the goals of societal protection and

deterrence. *Id.* at 5. Further, a term of supervised release is required, and Probation notes the sex-offender specific special conditions are necessary to ensure the continued rehabilitation of Defendant and to address concerns for societal safety. *Id.*

The Government requests a sentence within the Guidelines range of 151 to 188 months. Gov't Sentencing Memo at 1. The Government notes that not only did Defendant possess hundreds of images and videos of child pornography, but he also actively shared and disseminated it, which expands the market for child pornography and causes more harm than mere possession. *Id.* at 4. The Government acknowledges this is Defendant's first offense and there is no evidence the Defendant himself has ever abused a child. *Id.* Nevertheless, the Defendant amassed his collection of child pornography over the course of two years, and his conduct was extremely serious. *Id.*

The Defense requests the Court depart from the Guidelines and sentence Defendant to the five-year mandatory minimum. Def. Sentencing Mem. at 1-2, 5. Defense counsel urges the Court to consider Defendant's actions in the context of all his experiences and to consider "his progress in treatment, the accomplishments he has earned through hard work and the person that his loved ones and his community have seen him grow to be despite his past trauma and adversity." *Id.* at 1. The Defense argues Defendant's untreated depression, resulting from the abuse that he experienced as a child when he was molested by an older boy at a sleepover, and compacted by his adolescent experiences and the loss of his father, was directly associated with his compulsive use of pornography. *Id.* at 4. Defense counsel also notes Dr. Richard Krueger conducted a four-hour mental health evaluation of Defendant and concluded he was at low risk of committing a sexual crime and his low risk would be even further reduced if Defendant attended ongoing sex offender specific therapy. *Id.*

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, which requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), is not relevant to Defendant's sentencing.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In considering the other six § 3553(a) factors, the Court's sentence sufficiently avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). As set forth in the Plea Agreement, restitution is mandatory pursuant to 18 U.S.C. § 2259 in the full amount of the victims' losses attributable to Defendant's activities. Plea Agreement ¶¶ 12-16; 18 U.S.C. §§ 2259, 3663A. The Government has requested a total of $54,000.00 (plus interest) in restitution, payable to eight identified victims whose images and videos were found among the child pornography Defendant possessed on his computer.

## CONCLUSION

A sentence of 120 months of incarceration, 5 years of supervised release, restitution in the amount of $54,000.00 plus interest, forfeiture as set forth in the Plea Agreement and the Order of Forfeiture (ECF No. 31), and payment of a $100.00 special assessment is appropriate

and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report, ECF No. 26, to the extent it is not inconsistent with this opinion, and imposes the special conditions of release proposed by the Probation Department.

                                      **SO ORDERED.**

                                      s/WFK
                                  HON. WILLIAM F. KUNTZ, II
                                  UNITED STATES DISTRICT JUDGE

Dated: January 17, 2019
       Brooklyn, New York